UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

DORIS L. HERD,                )
    Plaintiff,             )
                              )
  vs.                         )    4:10-cv-0158-TWP-TAB
                              )
THE BOARD OF TRUSTEES OF FLOYD )
MEMORIAL HOSPITAL AND HEALTH  )
SERVICES,                     )
    Defendant.             )

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
AND PLAINTIFF'S MOTIONS TO AMEND**

**I.   Introduction**

When a plaintiff has taken three "bites at the apple, but—after chewing it down to the core—still produce[s] no claim," that claim should be dismissed. *Mimms v. U.N.I.C.O.R.*, No. 09-1284, 2010 WL 892200, at *9 (D.N.J. Mar. 8, 2010). Plaintiff's multiple amended complaints alleging a deprivation of rights under 42 U.S.C. § 1983 provide one such example. [Docket Nos. 1, 13, 24, 34.] On the other hand, Plaintiff's motion seeking leave to bring a retaliation claim is Plaintiff's first bite at that apple and should be allowed. [Docket No. 34.] Accordingly, the Magistrate Judge recommends Plaintiff's § 1983 claim be dismissed, Plaintiff's motion for leave to file a second amended complaint be denied, and Plaintiff's motion for leave to file a third amended complaint be granted in part to include a retaliation claim.

## II. Background

Plaintiff, an African American female, has worked for Floyd Memorial Hospital since 1979 and holds the position of unit secretary and monitor technician. [Docket No. 13 at 2.] On December 14, 2010, Plaintiff filed a single-count complaint alleging a race-based hostile work environment claim pursuant to Title VII of the Civil Rights Act of 1964. On January 26, 2011, Plaintiff filed an amended complaint alleging a § 1983 claim as the second count in the complaint. [Docket No. 13 at 5.]

On February 11, 2011, Defendant moved to dismiss count two of the amended complaint for failing to allege a deprivation of a constitutional right caused by a municipal policy or custom. [Docket No. 19 at 5.] In response, Plaintiff moved for leave to file a second amended complaint on March 7, 2011, to include additional facts. [Docket No. 24.] With Plaintiff's March 7, 2011, motion still pending before this Court, Plaintiff moved on May 26, 2011, for leave to file a third amended complaint to include a retaliation claim as a third count. [Docket No. 34 at 8.] Defendant's motion to dismiss and Plaintiff's motions for leave to file a second and third amended complaint are before the Court for resolution.

## III. Discussion

### A. *Pleading custom*

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at

2

1949. A properly pleaded § 1983 claim therefore requires a plaintiff to allege facts, if accepted as true, that demonstrate a deprivation of a constitutional right by a municipal policy or custom. *Kujawski v. Bd. of Comm'rs of Bartholomew Cnty.*, 183 F.3d 734, 737 (7th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 649 (1978)).

> Unconstitutional municipal policies or customs can take three forms:
>
> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Palmer v. Marion Cnty.*, 327 F.3d 588, 594–95 (7th Cir. 2003). Since Plaintiff only alleges widespread custom in this case [Docket Nos. 13, 24, 34], the facts must establish a series of bad acts from which the Court can infer the "policymaking level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned, thus in either event adopting, the misconduct of subordinate officers." *Jackson v. Marion Cnty.*, 66 F.3d 151, 152 (7th Cir. 1995); *see also Garrison v. Burke*, 165 F.3d 565, 572 (7th Cir. 1999) (stating that final policymaking authority must deliberately choose to ignore complaints). "When this method of proof is used, proof of a single act of misconduct will not suffice; for it is the series that lays the premise of the system of inference." *Jackson*, 66 F.3d at 152. But the series of misconduct must be something more than isolated random acts. *Palmer*, 327 F.3d at 596.

Plaintiff alleges that she was subjected to five[1] discriminatory acts over the course of her

---

[1]These five alleged acts include three racially derogatory comments made by coworkers, a vice president of human resources lashing out at Plaintiff for complaining about discrimination, and an unknown person who sprayed a white substance on Plaintiff's car in retaliation for

3

thirty-year employment with Defendant. [Docket Nos. 13, 24, 35.] These alleged acts occurred between 2009 and 2010. [*Id.*] *See Palmer*, 327 F.3d at 596 (explaining two acts of misconduct in a year is insufficient to establish custom); *Gable v. City of Chi.*, 296 F.3d 531, 538 (7th Cir. 2002) (explaining three acts of misconduct in a four-year period is insufficient to establish custom). Plaintiff is also unable to establish widespread conduct because the alleged acts of misconduct only involve Plaintiff. *See Garrison*, 165 F.3d at 572 ("[T]he record is void of evidence demonstrating that the City *customarily* or *habitually* ignored complaints of sexual harassment (Garrison was not even aware of any harassment incidents . . . besides her own)."). Moreover, Plaintiff's allegations only involve employees without final policymaking authority. *See Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

Additionally, Plaintiff unreasonably draws an inference that the board of trustees somehow knew about and condoned a race-based hostile work environment. [Docket No. 24 at 7–8; Docket No. 34 at 7–8.] There are simply no facts alleged in Plaintiff's original complaint or any of the three amended complaints that suggest the board of trustees was aware of any discriminatory conduct, let alone encouraged or condoned such conduct. *See Iqbal*, 129 S. Ct. at 1940 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."); *Garrison*, 165 F.3d at 573 n.6 ("There is nothing in the record

---

complaining to human resources. [Docket No. 24 at 2–4.] Plaintiff also claims that an unknown employee posted a picture of two African Americans on a hospital bulletin board to imply African Americans are thieves. [*Id.*] As Defendant points out, Plaintiff concedes that the picture was not authorized by the hospital and therefore irrelevant to the § 1983 analysis. [Docket No. 39 at 7.]

4

evidencing that Garrison ever contacted the Board, or that the Board was even aware of her complaints at all."). This Court cannot find factual plausibility when no facts are alleged.

Count two of Plaintiff's amended complaint [Docket No. 13] therefore should be dismissed. For the same reasons, Plaintiff's motion seeking leave to file a second amended complaint [Docket No. 24] should be denied because it is yet another failed attempt to set forth a § 1983 claim. Plaintiff's motion seeking leave to file a third amended complaint [Docket No. 34] should also be denied with respect to count two since it sets forth allegations identical to Plaintiff's second amended complaint.

### B. *Leave to include a retaliation claim*

Federal Rule of Civil Procedure 15(a)(2) provides that when a party can no longer amend their complaint as a matter of course, it may amend its pleadings "only with the opposing party's written consent or the court's leave." This rule reflects a liberal attitude toward amendments, and a court should freely grant leave when justice requires. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). However, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Id.*

Defendant argues that Plaintiff unduly delayed in seeking leave to file a third amended complaint introducing a retaliation claim. [Docket No. 39 at 11.] Defendant cites *Miller v. Seiss*, No. 1:07-cv-163-TS, 2009 WL 3786977, at *3 (N.D. Ind. Nov. 10, 2009), *Schor v. Daley*, 563 F. Supp. 2d 893, 904 (N.D. Ill. 2008), and *Gollinger v. Dreyfus Realty Advisors, Inc.*, No. 96-2740, 1997 WL 563394, at *3 (E.D. Pa. Sept. 2, 1997), to support the claim of undue delay. All of theses cases have a common theme—the plaintiffs had no valid reason for waiting several

5

months before seeking leave to amend.

But unlike *Miller*, *Schor*, and *Gollinger*, Plaintiff in this case has a sufficient reason for waiting to amend. Plaintiff needed a right-to-sue letter from the EEOC before she could pursue a retaliation claim. [Docket No. 34, Ex. 2.] Plaintiff received the right-to-sue letter on March 1, 2011. Although Plaintiff did not seek to include the retaliation claim in her proposed second amended complaint filed on March 7, 2011 [Docket No. 24], the right-to-sue letter provides Plaintiff with ninety days to bring the claim. Any difference in time between receipt of the right-to-sue letter and Plaintiff's May 26, 2011, motion to amend does not prejudice Defendant because the motion is within the ninety-day window and, according to Defendant, Plaintiff affirmatively indicated on March 11, 2011, that she intended to amend the complaint to include a retaliation claim. [Docket No. 39 at 11.]

In any event, both parties agreed in the Court-approved Case Management Plan that "[a]ll motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before June 27, 2011." [Docket No. 27 at 3.] Plaintiff's motion seeking leave to file a third amended complaint complies with the CMP deadline. Plaintiff's motion for leave to file a third amended complaint [Docket No. 34 at 8] therefore should be granted in part with respect to the retaliation claim in count three.

## IV.    Conclusion

The Magistrate Judge recommends that Defendant's motion to dismiss [Docket No. 18] count two of the amended complaint [Docket No. 13] be granted. It is also recommended that Plaintiff's motion seeking leave to file a second amended complaint [Docket No. 24] be denied since it is yet another failed attempt to set forth a § 1983 claim. Plaintiff's motion seeking leave

to file a third amended complaint [Docket No. 34] should be denied in part with respect to count two since that count sets forth allegations identical to Plaintiff's second amended complaint. But Plaintiff's motion seeking leave to file a third amended complaint [Docket No. 34] should be granted in part with respect to the retaliation claim in count three. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause of such failure.

Dated: 07/08/2011

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

David A. Arthur
INDIANA OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Betsy M. Isenberg
INDIANA OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org